KAB

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

James O. Napier,
Plaintiff,

v.

United States of America,
Defendant.

No. CV-24-00365-TUC-JAS

**ORDER**

Plaintiff James O. Napier, who is confined in the United States Penitentiary-Tucson, brought this action pursuant to the Federal Tort Claims Act (FTCA). Defendant moves to partially dismiss Plaintiff's Complaint. (Doc. 11.)

## I. Background

On screening pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated FTCA claims against the United States based on Plaintiff's allegations that he was provided negligent treatment for a foot injury by Ms. Newland, Med. Bulger, Nurse Estrada, and Nurse Quesada (Count I) and Nurse Grow negligently administering insulin (Count II).

## II. Motion to Dismiss

In its Motion to Dismiss, Defendant argues that Plaintiff's Complaint sets forth two different claims against different tortfeasors and therefore Count II should be dismissed without prejudice for misjoinder.

Defendant asserts that Count II should be dismissed because of the confusion to the "fact finder" and it "would be prejudicial and inefficient to require Defendant to defend effectively two entirely different lawsuits simultaneously." (Doc. 11 at 7.)

As to whether the fact finder would be confused, Defendant's Motion is premature. If both claims were to proceed to trial, Defendant could move to sever at that time.

Defendant's argument that it would be prejudiced by defending two different lawsuits simultaneously is unavailing because severance, not dismissal, would be appropriate. If the Court were to sever the two actions, the Court would open a new action in which Count Two could be addressed. Therefore, in either situation, Defendant would be required to defend two different lawsuits simultaneously and there is nothing inherently prejudicial therein. Defendant's argument that it will be difficult to keep the two Counts separate for discovery or any other purpose is likewise unavailing because different counts of a complaint often have to be treated differently for discovery purposes and there is nothing inherently prejudicial about treating the two Counts separately. Accordingly, Defendant's Motion will be denied without prejudice to Defendant seeking to sever the claims should both claims proceed to trial.

**IT IS ORDERED** that Defendant's Motion to Dismiss Count II of Plaintiff's Complaint without Prejudice due to Misjoinder (Doc. 11) is **denied without prejudice** as set forth herein.

Additionally, having reviewed Defendant's Motion to Extend Deadline to Respond to Plaintiff's Complaint (Doc. 12), and good cause appearing, **IT IS ORDERED** that the deadline for Defendant to respond to Plaintiff's Complaint is extended until 30 days after the filing of this order.

Dated this 21st day of March, 2025.

Honorable James A. Soto
United States District Judge